UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES,

                            1:18-CR-00244 JLS (MJR)
                            1:19-CR-00192 JLS (MJR)

                            REPORT, RECOMMENDATION
                            AND ORDER

     v.

EDWIN COLON,

                Defendant.

These matters were referred to this Court by the presiding District Judge, the Honorable John L. Sinatra, Jr., pursuant to 28 U.S.C. §636(b)(1), to handle all pre-trial matters and to make a recommendation as to all suppression motions. Before the Court are defendant Edwin Colon's motions to suppress evidence and to dismiss certain charges against him, as well as his omnibus discovery demands. (18-CR-244, Dkt. Nos. 22, 48; 19-CR-192, Dkt. No. 26) Also before the Court is the Government's motion to join the charges brought in 18-CR-244 and 19-CR-192 together in a single indictment and its request for reciprocal discovery. (18-CR-244, Dkt. No. 23; 19-CR-192, Dkt. Nos. 24 and 29)

For the following reasons, the Government's motion for joinder is granted and it is recommended that defendant's motions to suppress evidence and dismiss certain charges against him be denied. The Court's decisions as to defendant's omnibus discovery demands and the Government's request for reciprocal discovery are also set forth in detail below.

## PROCEDURAL HISTORY AND BACKGROUND

A criminal complaint filed on June 29, 2018 charged defendant with narcotics and firearms offenses. (18-CR-244, Dkt. No. 1) An arrest warrant was issued and defendant made an initial appearance before this Court on July 9, 2018. (*Id*. at Dkt. No. 4) Following a detention hearing on July 11, 2018, this Court released defendant on conditions pending trial, including home incarceration and an electronic monitoring requirement. (*Id*. at Dkt. Nos. 5, 6) On December 13, 2018, defendant was charged, in a three-count indictment, with the following: (1) possession of cocaine with intent to distribute on March 19, 2018, in violation of Sections 841(a)(1) and 841(b)(1)(C) of Title 21 of the United States Code; (2) using and maintaining a drug-involved premises at 187 Hickory Street, Buffalo, New York on March 19, 2018, in violation of Section 856(a)(1) of Title 21 of the United States Code; and (3) possession of a firearm in furtherance of a drug trafficking crime on March 19, 2018, in violation of Section 924(c)(1)(A)(i) of Title 18 of the United States Code. (*Id*. at Dkt. No. 15) (the "Narcotics Indictment") The Narcotics Indictment also includes a forfeiture allegation encompassing a .40 caliber Smith & Wesson semi-automatic pistol and 43 rounds of Smith & Wesson .40 caliber ammunition. (*Id*.)

On March 11, 2019, defendant moved to suppress any physical evidence recovered from his person, vehicle, or residence on March 19, 2018. (*Id*. at Dkt. No. 22) He also made various omnibus discovery demands. (*Id*.) Oral argument of defendant's motions was scheduled for April 16, 2019. (*Id*. at Dkt. No. 24) However, on March 27, 2019, defense counsel requested a two-week adjournment of the oral argument date. (*Id*.) Oral argument of defendant's motions was then rescheduled for May 7, 2019, but did not go forward on that date. (*Id*. at Dkt. No. 26) Instead, it was noted on the record

that defendant had absconded from the Western District of New York on March 12, 2019 and that a warrant had been issued for his arrest that same day. (*Id.*) Specifically, defendant was alleged to have removed his electronic monitoring device and to have fled the Western District of New York. (*Id.* at Dkt. No. 33) Defendant was arrested in Puerto Rico on October 9, 2019 and extradited back to the Western District of New York. (*Id.* at Dkt. No. 27)

Defendant next appeared before the Court on March 9, 2020. (19-CR-192, Dkt. No. 7) At that time, defendant was arraigned on a new indictment charging him with: (1) failure to appear before this Court on April 16, 2019 and May 7, 2019 following his pre-trial release, in violation of Sections 3146(a)(1) and 3146(b)(1)(A)(i) of Title 18 of the United States Code; and (2) contempt of this Court's Order Setting Conditions of Release in violation of Section 401(3) of Title 18 of the United States Code (the "Flight Indictment"). (*Id.* at Dkt. No. 1) Defendant also requested new counsel, and the Court appointed a new attorney to represent defendant on March 10, 2020. (*Id.* at Dkt. Nos. 7, 8) Defendant's new counsel filed a supplement to the suppression motion already pending with respect to the Narcotics Indictment as well as a motion to dismiss and omnibus discovery demands with respect to the Flight Indictment. (18-CR-244, Dkt. No. 48; 19-CR-192, Dkt. No. 26) The Government filed responses. (18-CR-244, Dkt. No. 49; 19-CR-192, Dkt. No. 29) The Government also moved to join the charges in the Narcotics Indictment and the Flight Indictment into a single indictment, and defendant filed a response in opposition. (19-CR-192, Dkt. Nos. 24, 27, 28)

The Court heard oral argument as to all pending motions with respect to the Narcotics Indictment and the Flight Indictment on February 12, 2021. (18-CR-244, Dkt.

No. 51; 19-CR-192, Dkt. No. 32) At the conclusion of the argument, the Court requested additional submissions by the parties by March 12, 2021 regarding the suppression motion, at which time it would consider the matter submitted. Defendant and the Government filed the requested supplemental briefing. (19-CR-192, Dkt. Nos. 33 and 34)

## DISCUSSION

### Motion for Joinder

Rule 13 of the Federal Rules of Criminal Procedure provides that "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses…could have been joined in a single indictment or information." *See* Fed. R. Crim. P 13. The Government requests that the charges in the Narcotics Indictment and the charges in the Flight Indictment be joined together in a single indictment against defendant. For the following reasons, the Court grants this request.

Rule 8(a) of the Federal Rules of Criminal Procedure provides that "two or more offenses may be charged in the same indictment…if the offenses…are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." *See* Fed. R. Crim. P. 8(a); *United States v. McGrath*, 558 F.2d 1102, 1106 (2d Cir. 1977) (noting that Rule 8(a) sets forth a "liberal standard for joinder"). Counts that have a sufficient logical connection can be tried together, *United States v. Ruiz*, 894 F.2d 501, 505 (2d Cir. 1990), as can those where the same evidence may be used to prove each count, *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 1008). Joinder of cases for a single trial promotes judicial economy and saves defendants the time, expense and embarrassment of multiple trials. *McGrath*, 558 F.2d at 1106. However, courts must

balance these interests with any unfair prejudice which a defendant could incur by the joining of indictments. *United States v. Harper*, 590 F.2d 422 (2d Cir. 1978). To be sure, although courts acknowledge that use of Rule 8(a) "inevitably involves some danger of prejudice" to a defendant, they recognize that Congress has determined that the "public considerations of economy and speed" often outweigh the potential for such prejudice. *United States v. Turoff*, 853 F.2d 1037, 1043 (2d Cir. 1988).

Courts in the Second Circuit have recognized that a failure to appear charge and the underlying offense are "connected together" and may be joined together for a single trial pursuant to Rule 8(a) if the following conditions are met: "(1) the charges are related in time; (2) the motive for flight was avoidance of prosecution for the underlying offense; and (3) custody derived directly from the underlying offense." *United States v. Martinez*, 92 Cr. 839, 1993 U.S. Dist. LEXIS 11565, *22-23 (SDNY Aug. 19, 1993); *United States v. Triumph*, 3:02-CR-81, 2004 U.S. Dist. LEXIS 16848 (D. Conn. Aug. 24, 2004). Here, all three conditions have been satisfied. First, the charges are related in time. Specifically, the Flight Indictment alleges that after having been granted pretrial release with respect to the firearms and narcotics offenses charged in the Narcotics Indictment, defendant failed to appear in Court on April 16, 2019 and May 7, 2019 for proceedings related to those charges. The Flight Indictment also alleges that defendant failed to comply with the conditions of his release in the underlying narcotics and firearms case, including the requirements that he (1) meet with and report to the Pretrial Services Office as directed; (2) advise the Court, defense counsel and the Government of changes in his address and telephone number; and (3) abide by the conditions of electronic monitoring. Second, it can reasonably be inferred that defendant's motive for removing his electronic monitoring

device and leaving the jurisdiction on March 12, 2019 was to avoid prosecution for the narcotics and firearms offenses charged in the Narcotics Indictment. In fact, defendant was apprehended in Puerto Rico by the United States Marshal Service approximately seven months later, having failed to inform his probation officer, the Government, his attorney or the Court as to his whereabouts during that time period. *See Martinez*, 1993 U.S. Dist. LEXIS, *24 (that defendant's "failure to appear occurred at an early stage in this matter, before a trial date was set, does not preclude a finding that [defendant's] conduct was motivated by a desire to avoid prosecution.") Lastly, the underlying Narcotics Indictment led directly to defendant's custody and, by extension, his pretrial release conditions. Thus, the Court concludes that the charges in the Flight Indictment are connected to the charges in the Narcotics Indictment, and that all charges should be joined in a single indictment pursuant to Rule 8(a). *See Triumph*, 2004 U.S. Dist. LEXIS 16848, *4-5 ("Because the failure to appear is related in time to [defendant's] arrest on the tax charges, because the underlying tax charges led to his custody and subsequent pre-trail release proceeding, and because the reasonably inferred motive is the avoidance of prosecution for the underlying offense, joinder of the failure to appear charge is proper as part of a common scheme under Rule 8(a).").

The Court further finds that defendant would not be unduly prejudiced by the joinder of the Narcotics Indictment and the Flight Indictment. *See United States v. Werner*, 620 F.2d 922, 928 (2d Cir. 1980) (Even if Rule 8(a) permits joinder, courts may order separate trials if it appears that a defendant will be unduly prejudiced by the joinder.). "Unfair prejudice does not result if evidence admissible to prove each charge is also admissible to prove the other charge." *United States v. Peoples*, 748 F.2d 934 (4th Cir.

1984). Here, defendant cannot demonstrate that he will suffer unfair prejudice as a result of a joint trial, since evidence of his flight would be admissible to show a guilty conscience in a trial as to the Narcotics Indictment and evidence of the pending narcotics and firearms charges would be admissible to show his motive for flight in a trial as to the Flight Indictment. *See United States v. Gabay,* 923 F.2d 1536, 1540 (11th Cir. 1991) (defendant failed to establish unfair prejudice since "evidence of flight is admissible to prove guilty conscience and evidence of counterfeiting is admissible to prove motive for flight."); *United States v. Ritch*, 583 F.2d 1179, 1180 (1st Cir. 1978) ("[S]ince facts concerning [defendant's] failure to appear for trial would have been admissible at trial of the drug charges in any event, no prejudice arose from joinder of the offenses."); *United States v. Brozyna*, 571 F.2d 742, 747 (2d Cir. 1978) (motion to sever bail jumping charge was properly denied where the proof of bail jumping would have been admissible at the separate trial for false identification because evidence of flight is admissible to prove the accused's consciousness of guilt and evidence of false identification would have been admissible at a separate trial on the bail jumping count because it suggested a motive for bail jumping). Lastly, any prejudice from the joinder of the two indictments can be mitigated or minimized by the use of limiting instructions to the jury, including an instruction that jurors are to consider each count separately. *See United States v. Blake*, 195 F. Supp 3d 605, 612 (SDNY 2016) (internal citations and quotations omitted) ("[C]ertain measures taken by a district court, such as limiting instructions, often will suffice to prevent or diminish risk of substantial prejudice when offenses have been properly joined."); *United States v. Stewart*, 433 F.3d 273, 307 (2d Cir. 2006) (noting "the well-settled proposition that jurors are presumed to follow instructions").

For these reasons, the Government's motion to join the charges in 18-CR-244 and the charges in 19-CR-192 together in a single indictment is granted.

## Motion to Suppress Physical Evidence

*Findings of Fact*[1]

In or around January 2018, officers of the Erie County Sheriff's Department ("ECSD") received information, through a confidential source, that Edwin Colon was selling and storing large amounts of cocaine in Buffalo, New York. (18-CR-244, Dkt. No. 22-1, pgs. 1-2) ECSD officers then initiated an investigation into Colon's alleged narcotics trafficking. (*Id.*)

At 10:12 a.m. on March 19, 2018, Erie County Court Judge Kenneth Case issued a warrant authorizing the search of: (1) 187 Hickory Street, Buffalo, New York, 14204; (2) a gray 2004 Honda Accord bearing VIN# 1HGCM56754A059890 and New York registration HWD-8881; and (3) the person of Edwin Colon. (*Id.*) At approximately 11:30 a.m. that day, ECSD narcotics officers began surveillance at 187 Hickory Street. (*Id.*) The gray Honda Accord which was the subject of the search warrant was parked at the residence. (*Id.*) Around 2:30 p.m., officers observed Colon enter and exit the residence multiple times. (*Id.*) At approximately 2:40 p.m., officers observed Colon exit the residence, enter a tan Honda accord, and drive away.[2] (*Id.*) Officers followed Colon and initiated a traffic stop approximately five minutes later, at 2:45 p.m. (*Id.*) Officers detained

---

[1] The facts stated herein are undisputed. They have been taken from the pleadings, memorandums of law, affidavits and exhibits submitted by defendant and the Government, as well as the facts described by both parties during the oral argument on February 12, 2021. During the oral argument, counsel for both defendant and the Government agreed that the record here did not present any disputed issues of fact, and therefore an evidentiary hearing was not needed to resolve defendant's motion to suppress physical evidence. "Absent a contested issue of material fact, a defendant is not entitled to an evidentiary hearing." *United States v. Pierce*, No. 06-CR-42, 2007 U.S. Dist. LEXIS 28988 (EDNY Apr. 19, 2007).

[2] The tan Honda Accord driven by defendant on March 19, 2018 was not the vehicle named in the search warrant signed by Judge Case.

Colon and conducted a search of his person, at which time they recovered keys to 187 Hickory Street.[3] (*Id.*) The officers did not search the tan Honda Accord.

Following the search of his person, Colon was handcuffed and placed in a police vehicle. He was then transported back to 187 Hickory Street. At approximately 3:00 p.m., ECSD officers executed a search of 187 Hickory Street. (18-CR-244, Dkt. No. 22-1, pgs. 1-2) Officers used the keys found on Colon's person to enter the residence. Officers recovered cocaine, scales, packaging materials, a .40-caliber semi-automatic pistol loaded with fifteen rounds of live ammunition, two .40-caliber high-capacity magazines, and multiple .40-caliber live rounds. (*Id.*) Following the search of the residence, defendant was transported to the Erie County Holding Center. (*Id.*)

Colon has submitted an affidavit stating that, at the time of his arrest on March 19, 2018, he had resided at 187 Hickory Street for the past year and his name was on the lease for the property. (*Id.* at Dkt. No. 48, Exh. A) Colon also states that he stored his belongings at 187 Hickory Street, paid the utilities, and controlled access to the residence. (*Id.*)

*Conclusions of Law*

Defendant moves to suppress all physical evidence recovered from either his person or his residence at 187 Hickory Street on March 19, 2018, on the grounds that the

---

[3] The Government's reply to defendant's motion to suppress suggests that a cellular telephone may also have been recovered from Colon's person on March 19, 2018. (19-CR-192, Dkt. No. 34) However, during oral argument on February 12, 2021, the Government represented that the only items recovered from Colon's person, which the Government intends to introduce as evidence at trial, are the keys to 187 Hickory Street. Further, defendant has not moved to suppress any cellular phones recovered from his person or evidence derived therefrom. Thus, the Court does not address the recovery of any phone from the search of Colon on March 18, 2019 and considers this fact to be moot.

search warrant signed by Judge Case was not supported by probable cause. The Court finds no basis to suppress this evidence.[4]

A search warrant issued by an impartial magistrate is presumptively valid. *United States v. Smith*, 9 F.3d 1007, 1012 (2d Cir. 1993). Where, as here, the Court is reviewing the probable cause determination of an independent magistrate, it asks solely "whether the issuing judicial officer had a substantial basis for the finding of probable cause." *United States v. Wagner*, 989 F.2d 69, 72 (2d Cir. 1993). Doubts regarding the existence of probable cause should be resolved in favor of upholding the search warrant. *United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983); *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (deference is to be given to the issuing magistrate). The instant search warrant application was supported by an affidavit from Detective Adam Imiolo, Deputy Sheriff of Erie County, as well as the sworn, *in camera* testimony of a confidential informant (the "CI"). The Court has reviewed both Detective Imiolo's affidavit as well as Judge Case's notes summarizing the testimony provided by the CI, and finds that there was a substantial basis for the probable cause finding.

Specifically, the Court rejects defendant's arguments that the warrant lacks probable cause because (1) the CI's reliability was unknown and (2) the CI did not have any personal knowledge of a connection between 187 Hickory Street and drug trafficking activities. To the contrary, the CI's testimony before Judge Case included personal observations by the CI connecting 187 Hickory Street to both the storage of cocaine and defendant's illegal activities, specifically narcotics distribution. With respect to the CI's

---

[4] The Court notes that no hearing is needed to determine the validity of the search warrant at issue here. *See Franks v. Delaware*, 438 U.S. 154 (1978). There has been no showing that the search warrant application contained any materially false statement that was included knowingly, intentionally, or with reckless disregard for the truth.

reliability, the CI provided sworn, in-person testimony to Judge Case in support of the warrant application. Thus, Judge Case was able to personally observe the CI's testimony and assess his or her credibility and demeanor. Judge Case also had the opportunity to question the CI regarding his or her background and basis of knowledge. In fact, the Second Circuit has concluded that an informant's testimony under oath is "significantly more reliable" than other informant information, because the testifying informant faces the sanction of a perjury prosecution. *United States v. Hernandez*, 85 F.3d 1023, 1028 (2d Cir. 1996) ("We think that such a detailed eye-witness report of a crime is self-corroborating; it supplies its own indicia of reliability.") (internal citations omitted). *See also United States v. Howard*, 12-CR-00084, 2013 U.S. Dist. LEXIS 11974 (WDNY Jan. 2, 2013) (finding no basis to invalidate a search warrant based upon the informant's credibility, in part, because the informant appeared in person before the issuing judge and the judge had an opportunity to evaluate the informant's credibility.) Further, Judge Case's *in camera* notes indicate that the CI has provided reliable information to ECSD officers in the past and that the CI was personally involved in the illegal activities he or she testified about. These facts serve as additional guarantors of the CI's reliability. *See United States v. Lace*, 669 F.2d 46, 49 (2d Cir. 1982) ("The fact that the informant, himself, was a confessed participant in the criminal activities…was, by itself, sufficient to establish the trustworthiness of his disclosures."); *United States v. Pond*, 523 F.2d 210 (2d. Cir. 1975) (a recitation that the informant previously provided information resulting in arrests and seizures of large quantities of marijuana was alone sufficient to establish the informant's reliability.); *United States v. Nelson*, 828 Fed. Appx. 804, 06-07 (2d Cir. 2020) ("[W]here the informant testified under oath before the issuing judge as a witness to

11

criminal activity, it is especially difficult to credit an argument that the statement regarding reliability of the informant was reckless or misleading."); *United States v. Elmore*, 482 F.3d 172 (2d Cir. 2007) ("Where the informant is known from past practice to be reliable…no corroboration will be required to support reasonable suspicion.").

Moreover, the Court finds that even if the search warrant had been issued without sufficient probable cause, which it was not, the good faith exception to the exclusionary rule would prevent suppression here. In *United States v. Leon*, the Supreme Court held that the exclusionary rule does not apply where "an officer acting with an objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." 468 U.S. 897, 918-21 (1984). The good faith exception does not apply where: (1) the issuing magistrate was knowingly misled; (2) the issuing magistrate knowingly abandoned their judicial role; (3) the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; or (4) the warrant is so facially deficient that reliance upon it would be unreasonable. *Id.* at 923. The record here is wholly devoid of evidence that any exception to *Leon* would apply in this case.

Defendant next argues that even if the March 19, 2018 search warrant was supported by probable cause, the evidence recovered on that date still must be suppressed because he was unlawfully detained and arrested by law enforcement. The Court rejects this argument. It is undisputed that at the time ECSD officers conducted a traffic stop of the car driven by Colon at 2:45 p.m. on March 19, 2018, they possessed a warrant to search his person. In fact, the search warrant specifically authorized officers to search for and seize, *inter alia*, cocaine, drug paraphernalia, cellular telephones, and/or house keys from defendant. Moreover, Colon was just observed leaving a residence that

officers had probable cause to believe contained narcotics and other evidence of criminal activity. Thus, the officers' stop and search of defendant on March 19, 2018, as well as the seizure of keys to 187 Hickory Street from his person, did not violate defendant's constitutional rights. *See Maryland v. Dyson*, 527 U.S. 465, 466 (1999) ("The Fourth Amendment "generally requires police to secure a warrant before conducting a search."); *United States v. Howard*, 08-CR-211, 2010 U.S. Dist. LEXIS 93872 (WDNY May 10, 2010) (officers "certainly had reasonable suspicion…as to justify the *Terry* stop of [a] vehicle" where officers had a warrant to search the individual riding in the passenger seat); *United States v. Villegas*, 928 F.2d 512, 516 (2d Cir. 1991) (citing police observation of defendant at the location of criminal activity "as evidenced by issuance of a search warrant for the premises" as one factor supporting the later *Terry* stop").

Defendant also argues that even if the stop of his car and search of his person was justified, his continued detention and arrest violated his Fourth Amendment rights because officers did not find any contraband on his person nor did they otherwise possess probable cause to arrest him at that time. Contrary to defendant's argument, law enforcement was not required to release defendant following the search of his person on March 19, 2018. Probable cause to arrest entails "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks and citation omitted). Based upon the information contained in the search warrant application, including information provided by the CI in support of the warrant, the officers here had knowledge of facts and circumstances sufficient to warrant the belief

that, on March 19, 2018, defendant was actively involved in drug trafficking and that he stored large quantities of narcotics at 187 Hickory Street. Thus, when the officers encountered defendant leaving 187 Hickory Street on March 19, 2018, they had probable cause to believe defendant had committed or was committing a crime and were permitted to conduct a warrantless arrest of defendant at that time. *See Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (Probable cause requires no more and no less than a "reasonable ground for belief of guilt.") (internal citations and quotations omitted). For these reasons, defendant's detention and arrest following the lawful search of his person also did not run afoul of his Fourth Amendment rights.[5]

Lastly, even if the continued detention and arrest of defendant following the lawful search of his person was not supported by probable cause, there still would be no basis to suppress the evidence at issue here. As noted above, the keys to 187 Hickory Street were recovered pursuant to a valid warrant to search Colon's person *prior to* any allegedly unlawful continued detention or arrest. Further, while other evidence was recovered from 187 Hickory Street *following* defendant's detention and arrest, its seizure was wholly unrelated to defendant's detention and arrest. Under the independent source doctrine, "[i]f the police seize evidence pursuant to a valid search warrant obtained on the basis of information unconnected to an earlier Fourth Amendment violation, there is an independent source for the seizure, and the evidence is untainted and admissible." *United States v. O'Brien*, 498 F. Supp. 2d 520, 540 (NDNY 2007); *Murray v. United States*, 487 U.S. 533, 540-41 (1988). There are two prerequisites to this rule, "(1) the warrant must

---

[5] Because the Court has found that defendant was lawfully stopped and searched pursuant to a valid search warrant and that officers had probable cause to effectuate a warrantless arrest at that time, the Court does not address the parties' arguments as to whether the holdings in *Michigan v. Summers*, 452 U.S. 692 (1981) and *Bailey v. United States*, 133 S. Ct. 1031 (2013) apply here.

be supported by probable cause derived from sources independent of the illegal [conduct]; and (2) the decision to seek the warrant may not be prompted by information gleaned from the illegal conduct." *United States v. Johnson*, 994 F.2d 980, 987 (2d Cir. 1993). The independent source doctrine clearly applies to the facts presented here. It is undisputed that the evidence recovered from 187 Hickory Street was obtained pursuant to a search warrant obtained prior to defendant's allegedly unlawful detention and arrest. Likewise, the search warrant was based on information wholly unrelated to the stop, detention and arrest of defendant. Contrary to defendant's argument, it is of no consequence that officers used the keys recovered from Colon's person to gain entry to 187 Hickory Street. The officers would have entered the house regardless because they were permitted to do so by the search warrant. *See Murray*, 487 U.S. at 541-42 (Even if the police obtain knowledge during a Fourth Amendment violation, suppression is unwarranted if they would have obtained the same knowledge when executing a valid and independent warrant.)

For these reasons, the Court recommends that defendant's motion to suppress evidence recovered on March 19, 2018 be denied in its entirety.[6]

## **Motion to Dismiss**

Defendant moves for dismissal of Count 1 of the Flight Indictment, which charges him with "knowingly and willfully fail[ing] to appear as required for appearances before United States Magistrate Judge Michael Roemer on April 16, 2019, and May 7, 2019, in

---

[6] Defendant's initial suppression motion as to the Narcotics Indictment also included a motion to suppress statements. (18-CR-244. Dkt. No. 22, pg. 9) In its written response and during oral argument on February 12, 2021, the Government indicated that it was not in possession of any statements by defendant that it intended to introduce at trial. (*Id.* at Dkt. No. 23, pg. 5) Thus, defendant's motion to suppress statements is denied as moot.

the case of <u>United States v. Edwin Colon</u>, No. 18-CR-244." (19-CR-192, Dkt. No. 1) Defendant contends that this charge must be dismissed because the Government has failed to allege a sufficient factual basis indicating that he "knowingly" and "willfully" failed to appear as "required." Defendant notes that the April 16, 2019 oral argument date was adjourned, and therefore it was not a "required appearance." Defendant also argues that the Flight Indictment fails to specify how he knew that the oral argument was rescheduled for May 7, 2019, such that his failure to appear on that date was willful.

[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992). "Further, an indictment need only track the language of the statute, and if necessary to apprise the defendant of the nature of the accusation against him with 'reasonable certainty,' state the time and place of the alleged offense in approximate terms." *Russell v. United States*, 369 U.S. 749, 765-66 (1962). Thus, a facially valid indictment "is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Calandra*, 414 U.S. 338, 345 (1974). Likewise, the Second Circuit has instructed that a technically sufficient indictment "is not subject to dismissal on the basis of factual questions, the resolution of which must await trial." *United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998) (reversing dismissal of the indictment where the district court "looked beyond the face of the indictment and drew inferences as to the proof that would be introduced by the government at trial" to satisfy the elements of the charge.)

Here, Count 1 of the Flight Indictment tracks the language of the Section 3146 of Title 18 of the United States Code and adequately sets forth each of the elements necessary to establish the offense charged. In fact, Count 1 meets the basic pleading requirements and there is no indication that the case was not presented to a legally constituted, unbiased grand jury. Whether the Government can prove that defendant knowingly or willfully failed to appear for required court dates in his underlying narcotics and firearms case are factual questions to be answered by the jury after the District Court has instructed them on the law. Moreover, defendant may raise these arguments following the Government's case-in-chief pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Thus, defendant has not asserted any valid basis for this Court to consider recommending dismissal of Count 1 of the Flight Indictment. *See United States v. Ground*, 2014 U.S. Dist. LEXIS 184181 (WDNY July 29, 2014) (explaining that there is no federal criminal procedural mechanism that would allow the court to recommend dismissal of the indictment of defendant "based on what she has concluded is the lack of sufficiency of the evidence the government intends to offer at trial[.]").

Moreover, there is evidence in the record to suggest that defendant knowingly or willfully failed to appear for required court dates with respect to the Narcotics Indictment, including the proceedings scheduled for April 16, 2019 and May 7, 2019. As explained above, defendant is alleged to have removed his electronic monitoring on March 12, 2019 and to have absconded to Puerto Rico. He provided no notice to the Government, his attorney, his probation officer, or the Court of either his decision to leave the District or his whereabouts after he left. Defendant appears to have remained in Puerto Rico for the next seven months. He returned only after he was arrested on October 9, 2019 and

extradited back to the Western District of New York. As a result of his alleged decision to flee, defendant was essentially unavailable for any of his scheduled court dates during that time. *See Weaver v. United States*, 37 F.3d 1411 (9th Cir. 1994) (where undisputed evidence indicated that defendant had engaged in conduct to avoid notice of his trial date, the government was not required to prove that defendant had actual knowledge of the correct date).

For these reasons, the Court recommends that defendant's motion to dismiss Count 1 of the Flight Indictment be denied.

## Omnibus Discovery Demands[7]

### *Rule 16 Discovery*

Defendant moves for discovery and inspection pursuant to Federal Rule of Criminal Procedure 16. (18-CR-244, Dkt. No. 22, pgs. 8-9; 19-CR-192, Dkt. No. 26, pgs. 15-23) Rule 16(a) requires the Government to disclose certain evidence and information upon request of a defendant. While Rule 16 was intended to provide for liberal discovery, a defendant is not entitled to discovery of "the entirety of the Government's case against him." *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974). Rule 16 provides that a defendant is entitled to the following: (1) a defendant's written, recorded or oral statements in the possession of the Government; (2) the defendant's prior record; (3) documents, objects, books, papers, photographs, etc. that will be used during the Government's case-in-chief; (4) reports of examinations or tests; (5) and information about expert witnesses in accordance with Fed. R. Evid. 702, 703 and 705. *See Fed R. Crim. P.* 16(a)(1). Rule 16 specifically exempts from disclosure "reports, memorandum,

---

[7] This section addresses all omnibus discovery demands filed by defendant with respect to both the Narcotics Indictment and the Flight Indictment. (18-CR-244, Dkt. No. 22; 19-CR-192, Dkt. No. 26)

or other internal Government documents made by an attorney for the Government or other Government agent in connection with investigating or prosecuting the case." *See* Fed. R. Crim. P. 16(a)(2).

Defendant's Rule 16 requests include, *inter alia*, a copy of any *in camera* notes regarding the March 19, 2018 search warrant; copies of any items seized on the day of his arrest; photographs; any and all written, recorded or oral statements; a copy of defendant's prior criminal record; books, papers, documents, data, and any written or recorded evidence material to the defense; the reports or results of any physical or mental examinations, scientific experiments or laboratory reports; and a written summary of any testimony the Government plans to introduce as evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. Defendant also requests written notification, pursuant to Federal Rule of Criminal Procedure 12(b)(4), of any evidence the Government intends to introduce at trial during its case in chief.

The Government responds that it has provided all discovery required by Rule 16 to defendant, including the Buffalo City Court felony complaint and related documents; the redacted search warrant for 187 Hickory Street, search warrant application, and property receipt; Erie County Central Police Services Firearms Analysis Report, Controlled Substance Analysis Report, DNA Analysis Report and related laboratory examination submission forms; ECSD police reports; photographs related to the search of defendant's residence; search warrant and search warrant applications related to defendant's cell phone; and photographs of contents of defendant's cell phone.[8] (18-CR-

---

[8] The Government also made available, to defense counsel, a copy of the redacted *in camera* notes taken by Judge Case when he met with the confidential informant on March 19, 2018 with regard to the search warrant.

244, Dkt. No. 23, pgs. 1-2) The Government has also provided, to defendant, a copy of the pretrial supervision conditions signed by defendant; defendant's pretrial supervision violation report; electronic monitoring forms; an FBI-302 report detailing defendant's apprehension in Puerto Rico; photographs from the approved residence in Buffalo, New York after defendant emptied his belongings and fled; property forms from defendant's apprehension of Puerto Rico; and consent forms signed by defendant. (19-CR-192, Dkt. 29, pgs. 10-11) The Government states that it intends to use all items of evidence that defendant has been provided with or made aware of in accordance with Federal Rule of Criminal Procedure 12(b)(4)(A). (*Id.* at pg. 23)

Based upon the representations made by the Government in their written responses and during oral argument, defendant's request for discovery pursuant to Rule 16 is denied as moot. The Government is reminded that its disclosure obligations pursuant to Rule 16 and its notice obligations pursuant to Rule 12 continue up through and during trial. *See* Fed. R. Crim. P. 16(c) and 12(b)(4)(A). Finally, the Government is expected to comply with all requirements in Rule 16, Federal Rules of Evidence 702, 703, and 704, and Judge Sinatra's pretrial order as they apply to expert testimony.[9]

### *Disclosure of Brady Material*

Defendant moves for the disclosure of any favorable, exculpatory or impeachment materials pursuant to *Brady*, *Giglio* and their progeny. (18-CR-244, Dkt. No. 22, pgs. 11-13; 19-CR192, Dkt. No. 26, pgs. 24-38) The Government has an obligation to disclose exculpatory material, or material favorable to an accused as to either guilt or punishment,

---

[9] Defendant requests the return of all items "the government does not believe are evidence of crimes" pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. (19-CR-192, Dkt. No. 26, pg. 24) Defendant does not indicate what items he is referring to or the basis on which they should be returned. Defendant's request is denied.

even when no affirmative request has been made. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Material "favorable to an accused" includes not only evidence that affirmatively tends to exculpate the defendant, but also information that impeaches the credibility of Government witnesses. *See Giglio v. United States*, 405 U.S. 150, 154-55 (1972). The test for materiality is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Evidence may be material for *Brady* purposes even if it is not admissible, as long as it could lead to the discovery of admissible evidence. *United States v. Gill*, 297 F.3d 93, 104 (2d Cir. 2002). "[A]s a general rule, Brady and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). "[A]s long as a defendant possesses Brady evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id.* at 144.

The Government responds that it is presently unaware of any *Brady* or *Giglio* material in this case. (18-CR-244, Dkt. No. 23, pgs. 8-9; 19-CR192, Dkt. No. 29, pgs. 13-15) Further, the Government indicates that it is aware of its obligations and responsibilities under *Brady* and *Giglio* and acknowledges its continuing duty to produce such material, if and when it is made aware of it. Given the Government's representations and for the reasons just stated, defendant's motion to compel the production of *Brady/Giglio* material is denied as moot. The Government is reminded of its continuing *Brady* obligations and, consistent with *Coppa*, the Government shall timely disclose any *Brady* and *Giglio*

material to defendant. *See United States v. Padovani*, 14-CR-00224, 2016 WL 5402696, at *4 (W.D.N.Y. Sept. 28, 2016).[10]

*Bill of Particulars*

Defendant requests a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. (19-CR-192, Dkt. No. 26, pgs. 5-8) Specifically, defendant seeks particularization as to the identity of any unindicted co-conspirators; the particular manner in which the Government will prove that defendant "knowingly" or "willfully" failed to appear in court on April 16, 2019 and May 7, 2019; and the particular manner in which the Government will prove that defendant was "required" to appear in court on April 16, 2019. (*Id.*)

Federal Rule of Criminal Procedure 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). However, "[t]he Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendants committed the crimes charged, or a preview of the Government's evidence or legal theories." *United States v. Rittweger*, 259 F. Supp. 2d 275, 291 (SDNY 2003). In determining whether a bill of particulars is warranted, a court is to consider "the complexity

---

[10] Defendant requests that the Government be ordered to search the personnel files of any government agents who will be called as witnesses in this case. (19-CR-192, Dkt. No. 26, pg. 41) The Government has indicated that it is aware of its obligations under *Brady* and *Giglio* and that it will provide any relevant materials should they become aware of then. Based on the Government's representations, defendant's request is denied.

of the offense, the clarity of the indictment, and the degree of discovery otherwise afforded to defendants." *United States v. Shoher*, 555 F. Supp. 346, 349 (SDNY 1983). It is well-settled that acquisition of evidentiary detail is not the purpose of a bill of particulars. *United States v. Torres*, 901 F.2d 205234 (2d Cir. 1990). Further, a defendant is not generally entitled to receive details of the government's conspiracy allegations through a bill of particulars. *United States v. Wilson*, 493 F. Supp. 2d 364, 372 (EDNY 2006).

The charges here are neither complex nor difficult to understand. They involve the possession of cocaine with the intent to distribute on a specific date, as well as the use of 187 Hickory Street and a firearm in furtherance of drug trafficking on that same date. Defendant is also charged with various violations of his supervised release conditions and failure to appear in court as a result of removing his electronic monitoring device on March 12, 2019 and absconding to Puerto Rico. Defendant has been provided substantial discovery in this matter including search warrant applications and returns, laboratory reports regarding firearm and DNA analysis, police reports, information regarding his pretrial release conditions, photographs of the contents of his cell phone, the pretrial supervision violation report, and a report detailing defendant's flight from authorities in Puerto Rico. A criminal complaint filed prior to the Narcotics Indictment provides defendant with additional information regarding the drug trafficking and firearms charges.

Considering the allegations in the Indictments in conjunction with the criminal complaint and the materials produced in discovery, the Court finds that defendant has been provided with sufficient information to inform him of the charges against him, prepare a defense, avoid surprise at trial, and ensure against double jeopardy. The additional details sought in the omnibus motions amount to an attempt to use a bill of

particulars as a discovery device. *See e.g., United States v. Biaggi*, 675 F. Supp. 790, 809 (SDNY 1987) (defendants request for "each alleged date, time, person present, place, nature of conversation [and] amount" is an "impermissible attempt to compel the Government to provide evidentiary details of its case."); *United States v. Jimenez*, 824 F. Supp. 351, 363 (SDNY 1993) (A bill of particulars is "not to be used as a general investigative tool for the defense, as a device to compel the disclosure of the Government's evidence or its legal theory prior to trial, or to foreclose the Government from using proof it may develop as the trial approaches.") For these reasons, defendant's request for a bill of particulars is denied.

    *Disclosure of Witness Statements*

    Defendant requests the disclosure of witness statements eight weeks prior to trial. (18-CR-244, Dkt. No. 22, pgs. 13-16; 19-CR192, Dkt. No. 26, pgs. 29-40)

    The Government has no general duty to disclose the identities of its witnesses before trial. *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). Section 3500 of Title 18 of the United States Code requires that the government, on motion of defendant, disclose a government witness's prior statements that are in the government's possession and relate to the subject matter of the witness's direct testimony ("3500 material"). *See also Jencks v. United States*, 353 U.S. 657 (1957); Fed. R. Crim. P. 26.2 (procedure for producing a witness statement). A witness statement is defined as: (1) a written statement by a witness that is signed or otherwise adopted or approved by the witness; (2) a substantially verbatim recording or transcription of a witness's oral statement; or (3) any statement however taken or recorded made by the witness to the grand jury.  18 U.S.C. 3500(e). Statements are not required to be produced, by law, until after the witness has

testified on direct examination, and the Court cannot mandate that they be produced sooner. *See* 18 U.S.C. §3500(a); Fed. R. Crim. P 26.2(a).

The Government indicates that it will disclose all 3500 material no later than two weeks before commencement of the trial and in accordance with the District Court's pretrial order. (18-CR-244, Dkt. No. 23, pg. 10; 19-CR192, Dkt. No. 29, pg. 17) In light of these representations, defendant's request for disclosure of witness statements is denied as moot.

### Co-Conspirator Statements

Defendant moves to exclude statements by any non-testifying co-conspirators. (19-CR-192, Dkt. No. 26, pgs. 3-4) The Government indicates that it is unaware of any such statements in this case. (*Id.* at Dkt. No. 29, pg. 4) Thus, defendant's motion is denied as moot.

### Informant Identities

Defendant requests the names and addresses of any Government informants, as well as relevant impeachment material. (19-CR-192, Dkt. No. 26, pgs. 9-15)

The Government has a qualified privilege to withhold information concerning the names of confidential informants that it does not intend to call as witnesses. *See Rovario v. United States*, 353 U.S. 53, 60-62 (1957). To that end, a defendant seeking the identity of a confidential informant must make some evidentiary showing as to why disclosure is significant to determining defendant's guilt or innocence. *See United States v. Jimenez*, 789 F.2d 167, 170 (2d Cir. 1986) (defendants face a "heavy burden" of establishing that disclosure is essential to the defense). Here, defendant makes no showing as to how disclosure of informant identities is significant or essential to his defense. If and when

informants are to be called as witnesses at trial, defendant will have access to their identities as well as all relevant impeachment material, prior statements and notes of their interviews. In addition, should informants reveal exculpatory information at any time, the Government has an ongoing duty to disclosure this information in time for its effective use at trial. Lastly, defendant's request appears to be moot because the Government represents that it does not anticipate any trial testimony from a confidential informant or cooperating witness. For these reasons, defendant's request for pre-trial disclosure of informant information is denied.

### Rule 404(b) and Impeachment Evidence

Defendant moves for disclosure of any evidence of prior crimes or bad acts the Government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). (18-CR-244, Dkt. No. 22, pgs. 9-11; 19-CR192, Dkt. No. 26, pgs. 38-39) Defendant also moves for pretrial disclosure of impeachment evidence pursuant to Federal Rules of Evidence 608 and 609. (*Id.*) The Government states that it will disclose any evidence in its possession which might fall under the ambits of Rules 404(b), 608, and 609 in accordance with the District Court's pretrial order. (18-CR-244, Dkt. No. 23, pgs. 6-8; 19-CR192, Dkt. No. 29, pgs. 15-17) The Government is required to provide "reasonable notice in advance of trial" of the general nature of prior uncharged crimes or bad acts it intends to introduce against a defendant. *See* Fed. R. Evid. 404(b). Based upon the Government's representation that it will disclose Rule 404(b) evidence and impeachment evidence when required to do so by the District Court, defendant's motion is denied as moot. The issue of admissibility of evidence pursuant to Federal Rules of Evidence 404(b), 608 and 609 is left to the determination of Judge Sinatra at the time of trial.

*Release of Grand Jury Minutes*

Defendant requests transcripts of all testimony before and all exhibits considered by the grand jury. (19-CR-192, Dkt. No. 26, pgs. 41-42)

The Government has an obligation to disclose any grand jury testimony that constitutes 3500, *Brady* or *Giglio* material. Notwithstanding this material, a defendant is not entitled to inspect grand jury minutes and evidence without producing "concrete allegations of government misconduct." *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994). Defendant has not made any such allegations here and therefore is not entitled to view grand jury material. *See United States v. Ulbricht*, 858 F.3d 71, 106-107 (2d Cir. 2017) (to be entitled to disclosure of grand jury proceedings, a defendant must show a particularized need that outweighs the strong government and public policy interests in the secrecy of grand jury proceedings); *United States v. Ayeki*, 289 F. Supp. 2d 183, 186 (D. Conn. 2003) ("grand jury proceedings carry a presumption of regularity, and a review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct.") Therefore, to the extent that defendant is requesting grand jury material that is not also 3500, *Brady* or *Giglio* material, his request is denied.

*Voir Dire of Expert Witnesses*

Defendant moves for an order allowing *voir dire* of any Government experts outside the presence of the jury. (19-CR-192, Dkt. No. 26, pgs. 42-43) Determinations as to the manner of *voir dire* of experts are to be made by the District Judge at the time of trial. Therefore, defendant's motion is denied without prejudice for renewal before Judge Sinatra.

*Motion for an Audibility Hearing*

Defendant moves for an audibility hearing to determine whether any recordings that the Government seeks to introduce at trial are audible. (19-CR-192, Dkt. No. 26, pg. 43) However, defendant has not specified which recordings, if any, he contends are inaudible. The Government agrees that an audibility hearing is necessary if the parties cannot resolve an issue of audibility, but notes that no audibility issues have been presented by defense counsel to the Government for review and possible resolution. Because there does not appear to be any disagreement regarding the audibility of a specific recording the Government intends to use at trial, defendant's motion is denied as moot. Should a disagreement arise, the holding of an audibility hearing is deferred to Judge Sinatra at the time of trial.

*Preservation of Rough Notes*

Defendant moves for preservation of all rough notes taken as part of the investigation, whether or not incorporated into official records. (18-CR-244, Dkt. No. 22, pgs. 16-17; 19-CR-192, Dkt. No. 26, pgs. 40) Defendant also requests the preservation of any rough notes made by Government witnesses as well as the preservation of all evidence acquired in the investigation of defendant. (*Id*.) The Government acknowledges its duty to preserve evidence and notes. The Court grants defendant's motion and directs the Government to arrange for the preservation of all rough notes and evidence.

*Leave to Make Additional Motions*

Defendant moves to reserve the right to make further motions as necessary. (18-CR-244, Dkt. No. 22, pgs. 17; 19-CR-192, Dkt. No. 26, pgs. 44-45) To the extent that defendant intends to bring motions based upon new information or evidence that has not

yet been disclosed, his request for leave to file additional motions is granted. To the extent that defendant intends to bring motions concerning issues that could have been raised prior to the previous motion deadline, defendant's request is denied without prejudice to bring the motion upon a showing of good cause for the untimely filing.

### Government's Request for Reciprocal Discovery

The Government moves for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure including the opportunity to inspect, copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof which are in the possession, custody or control of the defendant and which the defendant intends to introduce as evidence at trial, as well as the results or reports of any physical or mental examinations or scientific tests or experiments made in connection with the case. (18-CR-244, Dkt. No. 23, pg. 12; 19-CR-192, Dkt. No. 26, pgs. 23) The Government also requests advance notice of any statement defendant intends to use at trial pursuant to Rule 807 of the Federal Rules of Evidence and a summary of any testimony defendant intends to use at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. (*Id.*) The Government's motion for reciprocal discovery is granted, and defendant is reminded that his disclosure obligations continue up through and during trial.

## CONCLUSION

For the foregoing reasons, it is recommended that defendant Edwin Colon's motion to suppress evidence and motion to dismiss Count 1 of the Flight Indictment be denied. (18-CR-244, Dkt. Nos. 22 and 48; 19-CR-192, Dkt. No. 26) It is ordered that the Government's motion for joinder is granted (19-CR-192, Dkt. No. 24), and the Clerk of the

Court is directed to take all steps necessary to reflect that 18-CR-244 and 19-CR-192 are joined together for trial. Defendant's omnibus discovery demands are decided in the manner detailed above and the Government's request for reciprocal discovery is granted. (18-CR-244, Dkt. Nos. 22 and 23; 19-CR-192, Dkt. Nos. 26 and 29)

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to the recommendation portion of this Report, Recommendation and Order must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 59(b), 45(a), and 45(c) of the Federal Rules of Criminal Procedure, and Local Rule of Criminal Procedure 59. Any requests for an extension of this deadline must be made to Judge Sinatra.

*Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.* See Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *Pursuant to Local Rule of Criminal Procedure 59(c)(2), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED**.


Dated:  March 31, 2020
        Buffalo, New York


MICHAEL J. ROEMER
United States Magistrate Judge